# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DEL RIO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br>      vs.<br>CREDITANSWERS, LLC,<br><br>                    Defendant. | CASE NO. 10cv346-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Plaintiff's Ex Parte Application for an Order Enjoining Defendant from Further Proceeding in 416th District Court of Collin County, Texas, Case Number 416-00625-2010, Alternatively, Motion for Temporary Stay ("Application for Injunction"). (Doc. # 4).

## I.    Background

On February 11, 2010, Plaintiff Luis Del Rio ("Del Rio") initiated this action by filing a Complaint in this Court. (Doc. # 1). The Complaint alleges that Del Rio and Defendant CreditAnswers, LLC ("CreditAnswers"), a "for-profit debt settlement company," entered into a "contract of adhesion" on April 20, 2008. (Doc. # 1 ¶¶ 21, 42). The Complaint asserts seven causes of action: (1) violation of California Business and Professions Code § 17200; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), 1770(a)(19); (3) violation of the Credit Repair Organizations Act, 15 U.S.C. § 1678; (4) intentional interference with contractual relations; (5) tort in essence; (6) negligence per se; and (7) declaratory relief.

The Complaint includes class action allegations related to three purported California classes.

On February 15, 2010, CreditAnswers filed a complaint against Del Rio in Texas state court, seeking declaratory relief related to an alleged June 19, 2009 contract between Del Rio and CreditAnswers. (Doc. # 4, Ex. A ¶ 8).

On February 17, 2010, Del Rio was personally served in the Texas case. (*Id.*)

On March 9, 2010, Del Rio filed a proof of service in this case, indicating that CreditAnswers was served in this case on February 19, 2010. (Doc. # 3).

On March 9, 2010, Del Rio filed the Application for Injunction. (Doc. # 4). Del Rio "requests this Court enjoin [CreditAnswers] from any further participation, prosecution or proceeding in the Texas Case pursuant to this Court's authority under the All-Writs Act and the Anti-Injunction Act, or alternatively, for a temporary stay of the Texas Case so that the Court may hear this cause on a regularly noticed motion...." (Doc. # 4 at 9). Del Rio contends that this relief is appropriate because, by filing the Texas case, CreditAnswers "is intentionally and wrongfully attempting to usurp this Court's jurisdiction." (Doc. # 4 at 5).

On March 11, 2010, CreditAnswers filed an opposition to the Application for Injunction. (Doc. # 7). CreditAnswers contends that "no emergency exists to justify ex parte relief" and "the Anti-Injunction Act prohibits the relief [Del Rio] seeks." (Doc. # 7 at 2, 5).

**II.    Discussion**

The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is limited by the Anti-Injunction Act, which prevents a federal court from enjoining the "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The [Anti-Injunction] Act creates a presumption in favor of permitting parallel actions in state and federal court." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002). "Rooted firmly in constitutional principles, the [Anti-Injunction] Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances. Accordingly, the limited exceptions to the

Anti-Injunction Act will not be enlarged by loose statutory construction. Rather, any doubts as to the propriety of a federal injunction against state court proceedings will be resolved in favor of permitting the state courts to proceed, which means that we will uphold an injunction only on a strong and unequivocal showing that such relief is necessary." *Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (quotations omitted).

The Application for Injunction is based upon the "necessary in aid of ... jurisdiction" exception to the Anti-Injunction Act.  28 U.S.C. § 2283.  This exception authorizes injunctive relief "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970).  "This exception arose from the settled rule that if an action is *in rem*, the court first obtaining jurisdiction over the *res* may proceed without interference from actions in other courts involving the same *res*. Although the ... exception has since been expanded to include some *in personam* actions, it remains that an injunction is justified only where a parallel state action threatens to render the exercise of the federal court's jurisdiction nugatory." *Sandpiper*, 428 F.3d at 843-44 (quotations omitted); *see also Bennett*, 285 F.3d at 807 ("[I]njunctions are permitted where an *in personam* action bears substantial similarity to an *in rem* action.") (citing *U.S. v. Alpine Land & Reservoir*, 174 F.3d 1007, 1013-14 (9th Cir. 1999) (water rights sufficiently similar to *in rem* actions)).  "[T]he general rule is still that where a suit is strictly *in personam* there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined, because the subsequent action neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with the law." *Sandpiper*, 428 F.3d at 844 (quotation omitted).

In *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), the Ninth Circuit upheld an injunction barring a federal class member from pursuing a state class action involving

claims that were similar to those raised in a nationwide class action that was nearing resolution. *See id.* at 1025. The *Hanlon* "decision clearly recognized that a competing state class action covering a portion of the federal class posed a significant danger to the delicate and transitory process of approving a settlement agreement, and thereby threatened the district court's ability to resolve the litigation." *Sandpiper*, 428 F.3d at 845. Similarly, in *In re Diet Drugs*, 282 F.3d 220 (3d Cir. 2002), the court affirmed an order enjoining a parallel state action relying upon the "necessary in aid of ... jurisdiction" exception. In that case, as in *Hanlon*, the federal nationwide class action was nearing settlement at the time the state action was filed. *See id.* at 237. "In light of the sensitive stage of the federal litigation, the Third Circuit reasoned that the state court action 'might interfere with the District Court's oversight of the settlement at that time, given the careful balancing it embodied' and, therefore, posed 'a serious threat to the District Court's ability to manage the final stages of this complex litigation.'" *Sandpiper*, 428 F.3d at 845 n.22 (quoting *In re Diet Drugs*, 282 F.3d at 236-37).

Del Rio has not shown that this action is in a "sensitive stage," *id.*, or that this *in personam* action "bears substantial similarity to an *in rem* action," *Bennett*, 285 F.3d at 807. The Complaint was only recently served, and CreditAnswers has yet to file a response. Del Rio has failed to make a "strong and unequivocal showing" that this situation falls outside "the general rule ... that where a suit is strictly *in personam* there is no objection to a subsequent action in another jurisdiction." *Sandpiper*, 428 F.3d at 842, 844 (quotation omitted). Based upon the current record, the Court concludes that injunctive relief is not warranted.

### III.   Conclusion

Plaintiff's Ex Parte Application for an Order Enjoining Defendant from Further Proceeding in 416th District Court of Collin County, Texas, Case Number 416-00625-2010, Alternatively, Motion for Temporary Stay is **DENIED**. (Doc. # 4).

DATED:  April 1, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge