# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DEL RIO, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>vs.<br>CREDITANSWERS, LLC,<br><br>    Defendant. | CASE NO. 10cv346-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendant's Motion to Stay Proceedings Pending Appeal ("Motion to Stay"). (Doc. # 25).

## BACKGROUND

On February 11, 2010, Plaintiff Luis Del Rio ("Del Rio") initiated this action by filing a Complaint in this Court. (Doc. # 1). The Complaint alleges that Defendant CreditAnswers, LLC ("CreditAnswers") "operates a for-profit debt settlement company," which offers a "debt settlement program ... targeted to consumers with thousands of dollars of unsecured debt." (*Id*. ¶ 21).

The Complaint alleges that "[s]ometime before or during April 2008, Plaintiff contacted Defendant after viewing Defendant's website," (*id*. ¶ 33), and, after consultation with an employee of Defendant, "Plaintiff agreed to CreditAnswers' standard form contract of adhesion to enter CreditAnswers' Program." (*Id*. ¶ 42). The Complaint alleges that "CreditAnswers ... proceeded to conjure the illusion that Plaintiff's financial worries were a

thing of the past, and all Plaintiff had to do was pay CreditAnswers over $4,000, before CreditAnswers resolved a single debt...." (*Id.* ¶ 32).

The Complaint asserts seven causes of action: (1) violation of California Business and Professions Code § 17200; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), 1770(a)(19); (3) violation of the Credit Repair Organizations Act, 15 U.S.C. § 1678; (4) intentional interference with contractual relations; (5) tort in essence; (6) negligence per se; and (7) declaratory relief. The Complaint includes class action allegations related to three putative classes consisting of "all persons in California" who have "engaged the ... services of CreditAnswers" in the four years preceding the filing of the Complaint. (*Id.* ¶ 68). The Complaint seeks compensatory and punitive damages, a permanent injunction, attorney's fees, and "the Contract [between Plaintiff and Defendant] be adjudged rescinded and canceled." (*Id.* at 35). The Complaint alleges that "Plaintiff seeks actual, statutory and punitive damages in excess of $5,000...." (*Id.* ¶ 12).

Attached to the Complaint is a Debt Settlement Agreement ("Agreement"), which is dated June 19, 2009, and has the "electronic signature" of Plaintiff. (Swigart Decl., Ex. A, Doc. # 1 at 44 of 57). The Agreement contains the following arbitration clause:

> **9. Arbitration of Dispute.** In the event of controversy, claim or dispute between the parties arising out of or relating to this agreement or the breach, termination, enforcement, interpretation or validity thereof, including the termination of the scope or applicability of this agreement to arbitrate, shall be determined exclusively by arbitration in Collin County, Texas, or in the county in which the Client resides, in accordance with the laws of the State of Texas or agreements to be made in and to be performed in Texas. The parties agree, the arbitration shall be administered by the American Arbitration Association ('AAA') pursuant to its rules and procedures.... The parties agree that either party may bring claims against the other only in his/her or its individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties agree that the arbitrator may not consolidate proceedings of more than one person's claims, and may not preside over any form of representative or class proceeding. The parties shall share the cost of arbitration, not to include attorney's fees, equally. If the Client's share of the costs is greater than $1,000.00 (one thousand dollars), the company will pay the Client's share of costs in excess of that amount. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

(*Id.* at 43 of 57).

On April 5, 2010, CreditAnswers filed a Petition to Compel Arbitration. (Doc. # 10). CreditAnswers moved, "pursuant to the Federal Arbitration Act, for an order (i) compelling arbitration of the instant action and (ii) staying this Federal Court action until arbitration is completed." (*Id*. at 1-2). CreditAnswers contended that "Plaintiff entered into a valid and enforceable arbitration agreement," and Plaintiff's "claims are within the scope of [the] arbitration agreement." (Doc. # 10-1 at 5).

On May 27, 2010, the Court issued an Order denying the Petition to Compel Arbitration. (Doc. # 16). The Court held: (1) the class action waiver in the Agreement's arbitration provision is unconscionable under California law; (2) the validity of the arbitration provision is governed by California law; and (3) the class action waiver renders the entire arbitration provision unenforceable.

On June 7, 2010, CreditAnswers filed a Notice of Appeal of the May 27, 2010 Order. (Doc. # 17).

On June 30, 2010, CreditAnswers filed the Motion to Stay. (Doc. # 25). CreditAnswers contends:

> CreditAnswers' request for a stay should be granted because CreditAnswers raises not just one, but two, serious legal issues. In fact, one of the issues raised by CreditAnswers is so substantial that the United States Supreme Court has recently granted certiorari to review the Ninth Circuit's existing law *on the very same issue*. Additionally, as frequently recognized by district courts in the Ninth Circuit, the harm CreditAnswers will suffer if a stay is not granted and it is forced to incur the costs of litigating this action far exceeds any potential injury Del Rio may experience if this Court does issue a stay. Finally, the public interest in enforcing arbitration provisions and conserving judicial resources also weighs in favor of a stay. As such, CreditAnswers' Motion to stay this action pending appeal should be granted.

(Doc. # 25-1 at 1).

On July 19, 2010, Plaintiff filed an opposition to the Motion to Stay. (Doc. # 27). Plaintiff contends:

> There are no colorable arguments or unanswered questions presented in Defendant's Appeal, and Defendant is simply taking advantage of its automatic right of appeal granted under the Federal Arbitration Act.... District courts within the Ninth Circuit have the discretion to refuse to stay proceedings pending an appeal of a denial to compel arbitration for this very reason. Meanwhile, because Defendant continues its challenged conduct, a stay would do nothing more than enable it to continue milking consumers out of millions of dollars.

1 (*Id.* at 1).

## DISCUSSION

The Federal Arbitration Act provides that the denial of a motion to compel arbitration is immediately appealable. *See* 9 U.S.C. 16(a). Some jurisdictions hold that the trial court must stay proceedings while a denial of a motion to compel arbitration is appealed. *See, e.g.*, *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3rd Cir. 2007) (collecting cases). However, the Court of Appeals for the Ninth Circuit has held that a district court has discretion to decide whether to grant a stay, because:

> [A mandatory stay] would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration. The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration. This is a proper subject for the exercise of discretion by the trial court.

*Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (citations omitted). If the appeal is successful, any judgment rendered in the trial court would be vacated and the parties would be required to arbitrate the claim. *See id.* at 1410 n.6.

"[T]he factors regulating the issuance of a stay" are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court of Appeals for the Ninth Circuit applies the *Hilton* factors by requiring the party seeking a stay to show either (1) "a strong likelihood of success on the merits [of its appeal] and the possibility of irreparable harm," or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quotations omitted). These two alternatives "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* at 1116 (quotation omitted). A court must "consider where the public interest lies separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." *Id.* (quotations omitted).

As discussed in the May 27, 2010 Order, whether the arbitration provision in the Agreement is enforceable under California law presents a serious legal question. In particular, whether the amount of damages at issue in this action satisfies the test enunciated in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), presents a "substantial question," *Britton*, 916 F.2d at 1412. *See* May 27, 2010 Order at 7-9, Doc. # 18. A second substantial question is presented by virtue of the recent grant of certiorari by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 130 S. Ct. 3322 (May 24, 2010), which concerns the issue of whether the Federal Arbitration Act preempts California's rules regarding the enforceability of arbitration agreements prohibiting class-wide arbitration.[1] *See* Pet. Writ Certiorari, *AT & T Mobility, LLC v. Concepcion*, 2010 WL 304265 at *2.

CreditAnswers contends that it will be irreparably injured absent a stay:

> [D]enial of the instant motion means CreditAnswers will be forced to incur the expenses of litigation, including discovery, pre-trial motions and trial preparation, all of which will have been for naught if the Court of Appeals ultimately finds that the parties' arbitration agreement is enforceable. Moreover, a denial of this motion poses even more extraordinary harm in this case because this action is a putative class action and CreditAnswers will be forced to incur expenses above and beyond the costs of two-party litigation, such as the cost of class discovery and costs incurred to oppose class certification. ... [I]f CreditAnswers is forced to undergo substantial discovery and prepare for trial while its appeal is pending, it will lose the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration.

(Doc. # 25-1 at 10). Plaintiff contends that "merits discovery would be the same whether taking place in individual arbitration or in this Court. ... Plaintiff would be entitled to discover this information in arbitration, thus, there is no reason that production of basic merits discovery would somehow prejudice Defendant." (Doc. # 27 at 20).

The Court finds that CreditAnswers has shown that it will suffer irreparable injury absent a stay. The difference in litigation expenses between a two-party case and a class action is substantial. In addition, arbitration offers "speed and economy" which may be "lost forever" if CreditAnswers is required to engage in formal discovery prior to the resolution of its appeal.

---

[1] Although CreditAnswers did not raise this argument in support of its motion to compel arbitration, the Court of Appeals has the discretion to consider an issue of law raised for the first time on appeal. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002).

1  *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("[W]here an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. If that party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration–speed and economy–are lost forever. We find this consequence serious, perhaps, irreparable.") (quotation omitted); *see also Karimy v. Associated Gen. Contractors of Am.*, No. 08cv297-L, 2009 WL 3698397, at *3 (S.D. Cal., Nov. 5, 2009) ("[W]ithout a stay, Defendant will suffer irreparable harm. ... [D]iscovery under Federal Rules of Civil Procedure is structured and formal, whereas discovery as provided under [arbitration] Rules is informal.").

Plaintiff contends that "Plaintiff and the classes he proposes to represent would be significantly injured if the stay is granted" because "Defendant retains potentially millions of dollars from Plaintiff and the putative classes in the form of unlawfully collected service fees, and Defendant continues to unlawfully extract these monies." (Doc. # 27 at 21). The Court does not find this contention persuasive. It is undisputed that Plaintiff is no longer enrolled in CreditAnswers' program, and no longer paying CreditAnswers' allegedly unlawful fees. As previously stated by Plaintiff in opposition to the motion to compel arbitration, "any recovery a prospective plaintiff would legitimately seek against Defendant would be minimal–between $500 and $3,000 in most instances." (Doc. # 12 at 12). The Court does not find that a delay in potentially receiving a "minimal" recovery constitutes a significant injury. The Court finds that the balance of hardships tips sharply in CreditAnswers' favor. *See Carney v. Verizon Wireless Telecom, Inc.*, No. 09cv1854-DMS, 2010 WL 3058106, at *3 (S.D. Cal., Aug. 2, 2010) (same).

A stay pending the outcome of the appeal will serve the public interest by potentially preserving judicial resources and promoting the "strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution for those who agree to it." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992) (quotation omitted); *see also McArdle v. AT & T Mobility LLC*, No. C09-1117, 2010 WL 2867305, at *4 (N.D. Cal., July 20, 2010) ("[T]he public interest in the preservation of judicial resources

weighs in favor of staying this case."). By contrast, "[i]f the allegations of fraud have merit, any delay harms the public interest. ... A delay of proceedings will allow any harm to the putative class members to continue, and therefore may materially affect the public interest in vindicating the rights of consumers." *Bradberry v. T-Mobile USA, Inc.*, No. C06-6567, 2007 WL 2221076, at *5 (N.D. Cal., Aug. 2, 2007). On balance, the Court finds that the public interest is better served by staying this action pending the outcome of CreditAnswers' appeal.

The Court concludes that serious legal questions are raised by CreditAnswers' appeal, the balance of hardships tips sharply in CreditAnswers' favor, and the public interest is better served by staying this action. Accordingly, the Motion to Stay is granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay Proceedings Pending Appeal is GRANTED. (Doc. # 25). This action is STAYED pending the resolution of CreditAnswers' appeal to the Court of Appeals for the Ninth Circuit. The Clerk of this Court shall administratively close this case. This case shall be immediately reopened without further order of this Court upon the issuance of a final order by the Court of Appeals for the Ninth Circuit resolving CreditAnswers' appeal.

DATED: August 26, 2010

**WILLIAM Q. HAYES**
United States District Judge