# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DEL RIO, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br>  vs.<br>CREDITANSWERS, LLC,<br><br>                                    Defendant. | CASE NO. 10cv346-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Joint Motion to Dismiss Class Claims Without Prejudice; Motion to Dismiss Luis Del Rio's Individual Claims With Prejudice ("Joint Motion to Dismiss"). (ECF No. 31).

## BACKGROUND

On February 11, 2010, Plaintiff Luis Del Rio ("Del Rio") initiated this action by filing a Complaint in this Court. (ECF No. 1). The Complaint alleges that Defendant CreditAnswers, LLC ("CreditAnswers") "operates a for-profit debt settlement company," which offers a "debt settlement program ... targeted to consumers with thousands of dollars of unsecured debt." *Id*. ¶ 21. The Complaint alleges that "[s]ometime before or during April 2008, Plaintiff contacted Defendant after viewing Defendant's website," *id*. ¶ 33, and "Plaintiff agreed to CreditAnswers' standard form contract of adhesion to enter CreditAnswers' Program." *Id*. ¶ 42. The Complaint alleges that "CreditAnswers ... proceeded to conjure the illusion that Plaintiff's financial worries were a thing of the past, and all Plaintiff had to do was pay CreditAnswers over $4,000, before CreditAnswers resolved a single debt...." *Id*. ¶ 32.

The Complaint asserts seven causes of action: (1) violation of California Business and

Professions Code § 17200; (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), 1770(a)(19); (3) violation of the Credit Repair Organizations Act, 15 U.S.C. § 1678; (4) intentional interference with contractual relations; (5) tort in essence; (6) negligence per se; and (7) declaratory relief. The Complaint includes class action allegations related to three putative classes consisting of "all persons in California" who have "engaged the ... services of CreditAnswers" in the four years preceding the filing of the Complaint. *Id.* ¶ 68.

On April 5, 2010, CreditAnswers filed a Petition to Compel Arbitration based upon the arbitration provision in the contract between Plaintiff and CreditAnswers. (ECF No. 10).

On May 27, 2010, the Court issued an Order denying the Petition to Compel Arbitration. (ECF No. 16). The Court held: (1) the class action waiver in the contract's arbitration provision is unconscionable under California law; (2) the validity of the arbitration provision is governed by California law; and (3) the class action waiver renders the entire arbitration provision unenforceable.

On June 7, 2010, CreditAnswers filed a Notice of Appeal of the May 27, 2010 Order. (ECF No. 17).

On June 30, 2010, CreditAnswers filed a Motion to Stay this action pending resolution of the appeal. (ECF No. 25).

On August 26, 2010, the Court granted the Motion to Stay. (ECF No. 30). The Court stated that a substantial legal question "is presented by virtue of the recent grant of certiorari by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 130 S. Ct. 3322 (May 24, 2010), which concerns the issue of whether the Federal Arbitration Act preempts California's rules regarding the enforceability of arbitration agreements prohibiting class-wide arbitration." *Id.* at 5 (citation omitted).

On April 27, 2011, the Supreme Court issued its opinion in *AT&T Mobility, LLC v. Concepcion*, --- S. Ct. ---, 2011 WL 1561956. The Supreme Court held that the Federal Arbitration Act pre-empted the rule established by the California Supreme Court that certain class action waivers in consumer arbitration agreements are unconscionable.

On May 11, 2011, the parties filed the Joint Motion to Dismiss. (ECF No. 31). The

parties state: "During the pendency of Defendant's appeal, facts and circumstances emerged which indicated class treatment of this action may not be appropriate. As a result, the Parties have achieved a settlement resolving Plaintiff's individual claims, and now wish to dismiss Plaintiff's class claims without prejudice." *Id*. at 3 (citation omitted).

## DISCUSSION

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). Because no class has been certified in this case, the requirements of Rule 23(e), as amended in 2003, do not apply to the Joint Motion to Dismiss the class claims without prejudice. *See* Fed. R. Civ. P. 23(e), adv. comm. notes, 2003 amdts. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement...."). Even though the procedures of Rule 23(e) do not apply to the Joint Motion to Dismiss, the Court may consider whether to "require ... giving appropriate notice to some or all class members," Fed. R. Civ. P. 23(d)(1)(B), and "'whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable 'reliance' expectation of the maintenance of the action for the protection of their interests.'" *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1407 n.3 (9th Cir. 1989) (quoting *Shelton v. Pargo*, 582 F.2d 1298, 1315 (4th Cir. 1978)). The Court also may "inquire into possible prejudice from ... lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations." *Id*. at 1408 (citation omitted).

With respect to the possibility of collusion, a district court should consider:

> the terms of the settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim and the compensation to be received by plaintiff's counsel, in order to insure that, under the guise of compromising the plaintiff's individual claim, the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney.

*Shelton*, 582 F.2d at 1315.

Counsel for Plaintiff submitted a declaration with the Joint Motion to Dismiss, which states: "Through this settlement, the named Plaintiff will recover the same approximate amount

of damages that he could have recovered if the case had gone forward to judicial resolution in his favor. Plaintiff and Plaintiff's counsel have received no monetary consideration for filing this dismissal." (Leimbach Decl. ¶ 3, ECF No. 31-1). The Court finds that this evidence is sufficient to show that the proposed dismissal is not tainted by collusion.

With respect to "reliance" on the part of absent putative class members, "[t]he danger of reliance is ... generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." *Shelton*, 582 F.2d at 1314 (quotation omitted).

In his declaration, counsel for Plaintiff states:

> Plaintiff's counsel is unaware of any persons other than the named Plaintiff who believe that they are aggrieved by Defendant's Actions. ... Based on Plaintiff's counsel's research and investigation into the facts and circumstances of this case, the existence of this action has not become widely known, there has been no public reporting or dissemination of any information about this case other than what is available through public filing records, and Plaintiff's counsel is unaware of any putative class member who has refrained from bringing a similar claim in reliance on the existence of this action.

(Leimbach Decl. ¶¶ 4-5, ECF No. 31-1). The Court finds that this evidence is sufficient to show that the proposed dismissal will not prejudice absent putative members "with a reasonable reliance expectation of the maintenance of the action for the protection of their interests." *Diaz*, 876 F.2d at 1407 n.3 (quotation omitted).

In considering whether the putative class members will be prejudiced by the dismissal, the Court considers "possible prejudice from ... lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations." *Id.* at 1408 (citation omitted). The statute of limitations for Plaintiff's class claims range from three to five years. *See* Cal. Civ. Code § 1783 (setting a three-year statute of limitations for actions under the Consumer Legal Remedies Act); Cal. Bus. & Prof.Code § 17208 (setting a four-year statute of limitations for actions under the Unfair Competition Law, § 17200); 15 U.S.C. § 1679i (setting a five-year statute of limitations for actions under the Credit Repair Organizations Act). "[T]he commencement of a class action suspends the applicable statute of limitations

1  as to all asserted members of the class who would have been parties had the suit been
2  permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554
3  (1974). The Court finds no evidence of possible prejudice from a lack of adequate time for
4  putative class members to file other actions.

5  Because the Court does not find evidence of prejudice to the absent members of the
6  putative class, the Court does not require notice to the putative class members.

### CONCLUSION

8  IT IS HEREBY ORDERED that this case is no longer stayed. The Joint Motion to
9  Dismiss is GRANTED. (ECF No. 31). Pursuant to the joint motion of the parties, Plaintiff's
10 class action claims are DISMISSED WITHOUT PREJUDICE, and Plaintiff's individual
11 claims are DISMISSED WITH PREJUDICE. This action is closed.

12 DATED: May 16, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge